# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-639-RJC

| | |
|---|---|
| MICHAEL ANTHONY BULLABOUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RUSH P. WATSON, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. § 1915A, (Doc. No. 1), and on Plaintiff's Motion to Amend Complaint, (Doc. No. 10), and Motion to Compel Evidence and Discovery, (Doc. No. 11).

## I.  BACKGROUND

In this action, filed on December 16, 2011, pursuant to 42 U.S.C. § 1983, pro se Plaintiff Michael Anthony Bullabough brings a claim against four named Defendants: Assistant District Attorney Rush P. Watson with North Carolina's 26th Prosecutorial District; Huntersville Police Department Officer F. I. Comer; Mecklenburg Police Department Crime Laboratory Criminalist Rachael Scott; and Mecklenburg County Probation and Parole Officer Twan Roddey.  Plaintiff alleges in the Complaint that he is facing charges for first-degree burglary, second-degree kidnapping, assault with a deadly weapon, and communicating threats.  (Doc. No. 1 at 6). Plaintiff filed his Complaint on December 16, 2011.  On December 3, 2012, Plaintiff filed a Motion to Amend the Complaint, in which he seeks to add factual allegations regarding the events leading up to the underlying state court charges against him.  (Doc. No. 10).  On January 15, 2013, Plaintiff filed a Motion to Compel Evidence and Discovery, in which Plaintiff seeks an

Order from the Court compelling "any and all evidence and discovery" in this action. (Doc. No. 11 at 1).

Plaintiff alleges that Defendant Watson initially dismissed the above-named charges on November 15, 2010, for insufficient evidence, but that Defendant Watson subsequently reinstated the charges. See (Id. at 5, 8). Plaintiff further alleges that Defendant Comer forged statements against Plaintiff regarding the assault that Plaintiff allegedly committed on or around April 22, 2010. See (Id. at 4). Plaintiff alleges that Defendant Scott "rigged the DNA results to show favoritism to the detectives case to get me prosecuted for crimes that I'm not guilty of." (Id. at 5). Plaintiff further alleges that "I am being set up on these charges by the people named above." (Id. at 8). Finally, Plaintiff alleges that Defendants filed false charges against him in an effort to have Plaintiff's probation revoked, and that "there is not one shred of physical evidence to these alleged crimes." (Id. at 6, 7).

On April 16, 2012, this Court dismissed a similar Complaint filed by Plaintiff on December 29, 2011, in which Plaintiff named different Defendants, but made similar allegations regarding his state court charges. See Bullabough v. Monroe, 3:11-cv-670 (W.D.N.C. Apr. 16, 2012) (Doc. No. 7: Order). In the previous action, Plaintiff brought a claim for malicious prosecution against Defendants Charlotte-Mecklenburg Police Chief Rodney Monroe, the Huntersville Police Department, Huntersville Police Department Detective Jennifer Sprague, and Huntersville Police Department Lieutenant FNU Richardson. Plaintiff alleged that, as a result of Defendants' prosecution of him, he was falsely charged with first-degree burglary, assault with a deadly weapon, second-degree kidnapping, and communicating a threat. On April 16, 2012, this Court dismissed without prejudice Plaintiff's malicious prosecution claim.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, Section 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

## III. DISCUSSION

Here, Plaintiff's address is still listed as being in the Mecklenburg County Jail, and he does not allege that he has faced trial on the above pending charges for first-degree burglary, second-degree kidnapping, assault with a deadly weapon, and communicating threats. It appears, therefore, that Plaintiff is still awaiting trial on the state court charges. Because it is not the province of the federal courts to interfere with ongoing state criminal proceedings, the Court will abstain from addressing Plaintiff's claims in this lawsuit until he has been tried on the pending charges and the ongoing state court proceedings are over.[1] See Younger v. Harris, 401 U.S. 37 (1971). Therefore, the Court will dismiss this action without prejudice.

---

[1] Abstention under Younger is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). All of the requirements are met for Younger abstention in this lawsuit.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Complaint is dismissed without prejudice as barred by the <u>Younger</u> abstention doctrine.

(2) Plaintiff's Motion to Amend Complaint, (Doc. No. 10), and Motion to Compel Evidence and Discovery, (Doc. No. 11), are **DENIED** as moot.

Signed: January 23, 2013

Robert J. Conrad, Jr.
Chief United States District Judge